(89 South. 523)

**LANGSTON v. PHILLIPS.** (5 Div. 779.)

(Supreme Court of Alabama. June 9, 1921.)

Corporations ⊂⇒642(4½)—Sale of stock by foreign corporation through an agent, held a doing of business within state.

Though a sale of stock through an agent was subject to approval by the company at its home office in another state, the negotiation of the contract and the acceptance of a note for the purchase price in Alabama constituted the business of selling stock therein within Code 1907, §§ 3651–3653, denouncing as void all contracts made in that state by foreign corporations without having first procured a permit by paying a franchise tax, as required by Code 1907, § 3647.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Assumpsit by Charles Phillips against J. M. Langston. Judgment for plaintiff, and defendant appeals. Reversed and remanded. See, also, 17 Ala. App. 572, 88 South. 177.

W. M. Adams, of Clanton, and Sternfeld & Lobman, of Montgomery, for appellant.

The court erred in rendering judgment on the facts, as the note was null and void. Section 232, Const. 1901; sections 3651–3653, Code 1907; 15 Ala. App. 675, 74 South. 761; 90 Ala. 549, 8 South. 42; 146 Ala. 513, 40 South. 987; 160 Ala. 370, 49 South. 319, 135 Am. St. Rep. 102; 93 Ala. 503, 9 South. 596; 48 Ala. 512; 185 Ala. 275, 64 South. 74; 189 Ala. 223, 66 South. 614. Counsel discuss other assignments of error, but, in view of the opinion, it is not deemed necessary to here set them out.

Lawrence F. Gerald, of Clanton, and F. B. Collier, of Yreka, Cal., for appellee.

The contract was not an Alabama contract. 13 C. J. 581, 582; 71 Ala. 60; 204 Ala. 593, 86 South. 386; 174 Ala. 526, 56 South. 961; 190 Ala. 311, 67 South. 275; 153 Ala. 675, 45 South. 294; 46 South. 750. These cases also show, beyond peradventure, that it was an interstate transaction, and protected as such.

SAYRE, J. Phillips sued Langston, declaring on a promissory note which defendant had given to the Pep-to-Lac Company of America and had been transferred to plaintiff. The defense was that the note was given to the Pep-to-Lac Company for shares of stock in that company, which had been sold to defendant in this state, and that said company, a corporation chartered under the laws of Delaware, had not paid its franchise tax, and had no license to do business in this state during the year in which the sale was made and the note given. Trial was had before the court without a jury on an agreed statement of facts.

All else being agreed upon, the sole issue presented by the pleading, and therefore the sole issue to be decided by the court, was whether, within the meaning of the statute (Code, §§ 3651–3653), denouncing as void all contracts made in this state by foreign corporations without having first procured a

permit by the payment of a franchise tax (Code, § 3647), the issue to be decided was whether the contract for the sale of the stock in question was made in Alabama, or in Delaware, where, of course, the law of this state had no effect.

The agent of the Pep-to-Lac Company, employed for that purpose, negotiated a sale of its stock in this state and took defendant's note therefor, the note in suit. True, the sale was subject to approval by the company at its home office in Delaware, but the contract was negotiated and the note in suit executed and delivered in this state, and we cannot doubt that the negotiation of the contract and the acceptance of the note in. this state, though conditional, constituted the business of selling stock in this state within the meaning of the statute, supra, and if by reason of the company's approval of the sale negotiated by its agent, though the determination to approve may have been reached in the state of Delaware, the contract became operative and binding on defendant in this state, notwithstanding there was never any delivery of the note—and the assignment of the note and this action both affirm the note to be binding on defendant—this, in our opinion, constituted a sale of the stock in this state within the meaning of the several pleas filed in this cause. Chattanooga Building & Loan Asso. v. Denson, 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870, where the court stated the effect of our decisions, saying that a discussion of the situs of contracts and by the law of what place their obligation is determined was not relevant to the consideration of the purpose of the statute, prohibiting the doing of any business in this state in the exercise of corporate functions unless and until the conditions prescribed by the statutes have been fulfilled.

It follows that the court erred in rendering judgment for the plaintiff.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.